UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10439-GAO

LYNNE RILEY,
CHAPTER 7 TRUSTEE,
Plaintiff,

v.

STEVEN R. CRAPSER and FRANCINE S. SHOGEL,
Defendants.

OPINION AND ORDER
June 5, 2012

O'TOOLE, D.J.

In the Chapter 7 bankruptcy proceeding of debtor Steven R. Crapser, the Chapter 7 Trustee, Lynne Riley, has commenced an adversary proceeding to recover for the benefit of the estate proceeds of the sale of a parcel of real estate, title to which was held by Francine S. Shogel, Crapser's wife. The Trustee's theory is that while title to the property had been in Shogel's name, Crapser had furnished some or all of the purchase price and therefore either (a) a resulting trust arose in Crapser's favor, giving him an interest in the property and hence the proceeds that the Trustee can enforce on behalf of the estate or (b) if a resulting trust could not be found, then there were serial fraudulent transfers by Crapser in the form of mortgage payments he made within four years of the commencement of the bankruptcy.

Shogel, named as a defendant in the adversary proceeding, has moved to withdraw the reference of the matter to the bankruptcy court, asserting two separate bases for finding "cause" to do so. See 28 U.S.C. § 157(d) (district court may withdraw reference "for cause shown"). First, she argues that she is entitled to a jury trial on some or all of the issues raised by the

complaint. A party's right to a jury trial presided over by a district court judge is a "cause" for withdrawal of the reference. See Container Recycling Alliance v. Lassman, 359 B.R. 358, 360 (D. Mass. 2007). Second, Shogel contends that the reasoning of Stern v. Marshall, -- U.S. --, 131 S. Ct. 2594 (2011) requires a conclusion that a non-Article III bankruptcy judge lacks authority to enter a final judgment on the Trustee's claims. As a consequence, she argues, a district judge will ultimately have to consider the claims anyway, so there is "cause" prompt resolution of the claims by the district court in the first instance.

The parties are in agreement that Shogel has a jury trial right at least with respect to the fraudulent transfer claim. However, the Trustee suggests that since that claim is a kind of "fall-back" claim in the event the primary resulting trust claim is unsuccessful, the motion to withdraw should be denied for the time being so that the equitable resulting trust theory can be resolved by the bankruptcy judge first. Her idea is that if she prevails on that theory, a jury trial on the fraudulent transfer claim would be unnecessary. She also defends the authority of the bankruptcy judge to enter a final judgment on a non-jury claim post-Stern, urging that the Supreme Court should be taken at its word that its decision there was "a 'narrow' one." Id. at 2620.

While I agree with the Trustee that Shogel does not have a right to have the resulting trust claim tried by a jury because it is an equitable claim, I do not agree that her proposed course of action is recommended by considerations of economy and efficiency. There would be two possible outcomes if the resulting trust claim were presented to and decided by a bankruptcy judge in the first instance. One is that the claim would not succeed, and in that case either a jury trial would follow in the district court on the fraudulent transfer claim or the Trustee would appeal the adverse ruling on the resulting trust claim. In a jury trial, there would likely be a repeat of much of the evidence already once presented in the non-jury trial of the resulting trust

2

theory. Under both theories, the bulk of the factual presentations would focus on who paid what for the property under what circumstances or understandings.

The other alternative is that the Trustee would prevail on the resulting trust theory and get a judgment in her favor from the bankruptcy judge. Unless before then there has been some decision of precedential weight clarifying the reach of Stern, both defendants in the adversary proceeding are almost sure to appeal the judgment on the ground that it was beyond the authority of the bankruptcy judge to render a final decision in the case. While one stage of the proceedings might be expeditiously concluded on this approach, in the bigger picture, there are likely to be protracted appellate proceedings.

On balance, then, economy and efficiency are best served in this instance by bringing the complaint to this court where a simultaneous trial of both theories on a largely common factual presentation can be had before a tribunal with undoubted authority.

The motion to withdraw the reference (dkt. no. 1) is GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge