UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10439-GAO

LYNNE F. RILEY,
Plaintiff,

v.

STEVEN R. CRAPSER and FRANCINE S. SHOGEL,
Defendants.

<u>ORDER</u>
January 23, 2014

O'TOOLE, D.J.

This case arises out debtor, Steven Crapser's Chapter 7 bankruptcy petition. The trustee of the estate, Lynne Riley, commenced an adversary proceeding against Crapser and his non-debtor spouse, Francine Shogel, seeking a determination that Crapser holds an interest in the proceeds from the sale of a vacation home in Maine. Prior to the sale of the house, it was held solely in his wife's name. The trustee alleges that a resulting trust was created by the actions of the defendants, giving Crapser a fifty percent interest in the home and the proceeds from its sale. If the trustee prevails, Crapser's share of the proceeds would be included in the bankruptcy estate and potentially available to creditors. The reference to the bankruptcy court was withdrawn by this Court in June 2012. The defendants have moved for summary judgment and the plaintiff has moved for a preliminary injunction freezing the proceeds.

In order to determine whether a resulting trust was created, the intent of the parties must be determined. Restatement (Second) of Trusts § 442 (1959). Intent is a factual issue. There are disputed facts, and there certainly are disputed inferences to be drawn from the facts. In short, it is not possible to say that there are no genuine issues as to material facts, a necessary conclusion

for the grant of summary judgment. Rather, the facts and the inferences to be drawn from them are properly to be resolved by a trier of fact on the basis of a full evidentiary presentation, including witness testimony.

Furthermore, the factual disputes in this case make a determination of the likelihood of success on the merits uncertain prior to trial. Granting a preliminary injunction at this point is not appropriate.

Accordingly, the defendants' Motion for Summary Judgment (dkt. no. 20) and the plaintiff's Motion for Preliminary Injunction (dkt. no. 7) are DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge